## LAPHAM DODGE CO. v. SEVERIN et al.

*(Circuit Court, D. Indiana. December 24, 1889.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT—WASH-BOARD.
   Letters patent No. 168,252, granted to E. S. Heath, September 28, 1875, for improvements in wash-boards, consisting of a grooved flexible frame, two corrugated zinc plates, two cross-bars at the upper end of the plates, and a screw-rod extending across the frame at the lower end of the plates, and connected therewith by a lap-joint, is not infringed by a wash-board having two straight legs, not flexible, and a straight cap secured to the legs by tenon and mortise joints, with a single cross-bar at the upper end, and without a screw-rod.

2. SAME—PATENTABILITY.
   Letters patent No. 187,842, issued to David I. George, February 27, 1887, for improvements in wash-boards, being for substantially the same invention as that described in said Heath patent, is void for want of patentable invention. Following Pfanschmidt v. Mercantile Co., 32 Fed. Rep. 667.

3. SAME—CONSTRUCTION OF CLAIM.
   Where a patentee amends his application so as to exclude an improvement described in a rejected application cited by the patent-office, and obtains a patent on such amended application, his assignee cannot enjoin, as an infringement, the use of the device described in the rejected application, even though the same was improperly cited.

In Equity.

Bill by the Lapham Dodge Company against Henry Severin, Frederick Ostermyer, and Berg Applegate.

*C. & E. W. Bradford* and *A. L. Mason*, for complainant.
*George H. Lothrop* and *George A. Christy*, for defendants.

GRESHAM, J. This is a suit for alleged infringement of letters patent No. 168,252, granted to E. S. Heath, September 28, 1875, and No. 187,842, granted to David I. George, February 27, 1887, both for improvements in wash-boards. The patents were assigned to complainants before suit. The answer denies that Heath and George were the original inventors, and it also denies infringement of the first patent. The Heath invention is for a combination which includes a grooved flexible frame, two corrugated zinc plates, two cross-bars at the upper end of the plates, a screw-rod extending across the frame at the lower edges of the plates, and a lap-joint, formed by lapping the edge of one plate over the edge of the other and over the screw-rod. This patent contains but a single claim, which reads: "The screw-rod and corrugated zinc plates, connected therewith by a lap-joint, as specified, in combination with the grooved flexible frame-piece, A, and cross-bars, B, B, as and for the purpose specified." "My invention," says the specification, "relates to the construction and arrangement of parts, as hereinafter described, whereby the corrugated zinc plates, which form the rubbing surfaces of the wash-board, are secured together and to the flexible grooved frame. * * * The flexible wooden or metal bar, A, has grooves, K, K, to receive the side edges of the zincs, o, o', and a groove, H, to receive the top edge of a plate, *a*, which forms the upper part of the board. As shown, it (*a*) is one piece with one of the zinc plates. The upper ends of the zinc are confined between two parallel cross-bars, B, B, which are secured together by rivets, *b, b.* The lower edge of one of the zincs is bent around the cross-rod, C, which connects the ends of the frame-piece, A, and is made to overlap the edge of the other zinc. The rod has a screw end, D, which adapts it to be readily removed, to allow repair or substitution of the zincs. By it, also, the latter may be clamped more or less tightly, as required."

In his original application, Heath's claim read: "The combination of the bent frame, A, A, with a groove, H, supported by the cross-pieces, B, and held together by the iron rod, C, substantially as specified." This claim was rejected by the patent-office on two references,—the Saunders Hubbell patent of 1870; and the rejected application of William Swineburn, filed August 5th of the same year. Heath's solicitor submitted an argument against the pertinency of the reference to the Hubbell patent, and apparently, without further action, filed an amended application, with a claim limited, to avoid the Swineburn reference. The Saunders Hubbell patent describes two zincs, secured in a metallic bent frame, but separated by a plate between the zincs for support, thus presenting two washing surfaces. The Swineburn rejected application showed only one zinc plate, one cross-bar, and a screw-nut on each end of the bar or rod. While it is true that a description of the Heath invention is found in this application, the Swineburn board, so far as the evidence shows, was never brought into actual use, and his rejected ap-

plication on file in the patent-office was not a "printed publication" of the Heath invention, within the meaning of the statute. One of the complainant's experts testified that the new elements introduced by Heath to distinguish his board from the two references cited, were the two zinc plates, and the lap-joint connection, by which the plate, o, was connected with the screw-rod; and that if Heath had amended his claim to read, "The screw-rod, C, and a corrugated zinc plate having its lower end bent around said rod in connection with a grooved flexible piece, A, and a cross-bar, B, as and for the purpose specified," he would not have, avoided the references on which his original claim was rejected.

The defendants' alleged infringing board has a frame formed of two straight legs, and a straight cap secured to the legs by tenon and mortise joints; the legs being grooved for the reception of a single corrugated zinc plate and the soap-board. At the upper edge of the zinc is a single cross-bar, grooved to receive the zinc and the soap-board. This cross-bar is connected with the legs by tenons, which enter mortises, and by a nail driven into each leg through the tenon. The lower end or edge of the zinc is formed into a roll or tube, through which and the legs an iron rod passes, the ends of which are upset, thus uniting the legs together. The difference between this board and the Swineburn board is mechanical and trivial.

When Heath filed his original application it was the practice of the patent-office to make references and deny patents on rejected applications. He amended his claim by adding the only features of difference between his board and the board described by Swineburn, and, having thus limited his claim to meet the requirement of the patent-office, it will now avail the complainant nothing that the rejected application was improperly cited. By submitting to the decision of the office, and amending his claim so as to exclude the Swineburn improvement, Heath excluded the defendants' board, and what he thus disclaimed the complainant cannot now claim.

The complainant insists that the Swineburn reference was waived by the patent-office, but that position is fully met by the fact that Heath was obliged to accept a patent with a claim too narrow to cover all the features of the Swineburn board. The invention was for a combination; the claim is clear; Heath was not a pioneer in the art; and the patent must be strictly construed. *Water-Meter Co.* v. *Desper*, 101 U. S. 337; *Vulcanite Co.* v. *Davis*, 102 U. S. 227.

One element in Heath's original claim was "the iron rod, C," and the corresponding element in the claim, as amended and allowed, is "the screw-rod, C," and having thus limited his claim to a particular kind of a rod, namely, a screw-rod, it cannot be expanded by construction to embrace an iron rod without the screw feature. "A lap-joint" was not embraced in the original claim, while the claim in the patent requires the two plates to be connected at the bottom by such a joint. "The bent frame, A, A," was an element in the original claim, and the word "flexible" is used in the claim, as allowed, for the word "bent." The frame is required to be flexible, so that by removing the screw-rod the legs of the

frame may be sprung apart sufficiently "to allow repair or substitution of the zincs." The claim in suit is not for a "plate," but for "plates," connected at the bottom as already described, and the plate of the patent is not found in the alleged infringing board. The defendants do not use the screw-rod "to clamp more or less tightly" their frame, which is not flexible, and is not, therefore, capable of being sprung apart for the purpose described in the patent. Their riveted or upset rod is not intended to be removed; it cannot be removed without breaking; the two rods do not perform the same function; and they are not mechanical equivalents.

The single claim in the George patent reads: "In a wash-board, the corrugated metallic plate, B, formed of a single piece of sheet metal, and provided at its lower end with a tubular enlargement, substantially as specified."

The Krebs patent of 1873 describes a corrugated metallic plate formed of a single piece of sheet metal, supported by a backing board, with a tubular enlargement at the upper end of the sheet to receive a rod, for the purpose of holding the plate in position. The slight difference between the Krebs board and the George board is purely mechanical. In *Pfanschmidt* v. *Mercantile Co.*, 32 Fed. Rep. 667, Judge NELSON held that the George patent was void for want of patentable invention, and I concur in that ruling. The bill is dismissed for want of equity.